IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nimol Holdings, Ltd.; Echelon DC Marion LLC; Echelon DC Marion Extension LLC; Echelon DC Bennettsville, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MPD Electric Cooperative, Inc.; Marlboro Development Team, Inc.,<br><br>Defendants. | Case No. 4:25-cv-06177-SAL<br><br>**ORDER** |

This matter is before the court on the consent motion to seal filed by MPD Electric Cooperative, Inc. and Marlboro Development Team, Inc. (collectively, "Defendants"). [ECF No. 19.] Their motion is granted for the reasons below.

## BACKGROUND

In 2023, Defendants engaged in discussions with the above-captioned plaintiffs ("Plaintiffs") regarding a large development project that the parties refer to as "Project Diamond." *See* ECF No. 19-2 at 1. According to Defendants, part of Project Diamond required them to obtain various properties across the Pee Dee region of South Carolina. *Id.* These properties would then be sold to Plaintiffs for the development of certain data centers. *Id.* This was "a complicated business deal that involved the exchange of numerous documents and contracts that contained highly sensitive proprietary information to all parties." *Id.*

Defendants moved to dismiss on August 8, 2025. [ECF No. 20.] They contend that they "necessarily must cite and rely on certain contracts" in support of their motion. [ECF No. 19-2 at 2.] Specifically, Defendants seek to reference a particular Due Diligence Services Agreement

(the "DDSA") dated February 26, 2024. *Id.* Because "the DDSA contains highly sensitive and proprietary information," Defendants seek to file it under seal.[1] *Id.*

## ANALYSIS

Under Local Civil Rule 5.03 (D.S.C.), a party seeking to file documents under seal must file a "Motion to Seal" accompanied by a memorandum that (1) identifies the specific documents or portions of documents for which sealing is requested, (2) states the reasons why sealing is necessary, (3) explains why less drastic alternatives to sealing are inadequate, and (4) addresses the factors governing the sealing of documents reflected in controlling case law. The motion must also include (A) a non-confidential, descriptive index of the documents at issue, and (B) a certification by counsel of compliance with the Rule. *See* Local Civ. Rule 5.03(B) (D.S.C.). Defendants have satisfied each requirement.

*First*, they identify the DDSA as the specific document for which sealing is requested. *See* ECF Nos. 19-1, 19-2 at 2. *Second*, they explain that sealing is necessary to protect against the disclosure of highly sensitive commercial information and proprietary trade secrets. *See* ECF Nos. 19 at 1, 19-2 at 2. Defendants clarify that their request is "not meant to avoid annoyance and criticism but is necessary to preserve privacy in a matter of most sensitive and highly personal nature." [ECF No. 19-2 at 3 (citation modified) (quoting *Doe v. Richland Cnty. Sch. Dist. Two*, No. 3:18-cv-02731-CMC, 2020 WL 1065359, at *4 (D.S.C. Mar. 5, 2020)).] *Third*, Defendants note that they considered less drastic alternatives, such as redaction, but concluded that "redaction of the DDSA is not possible, as [they] believe the entire document is confidential and would need to be redacted." *Id. Fourth*, they have sufficiently addressed the factors for the sealing of

---

[1] Defendants note that the information in the DDSA "would normally be designated as 'Confidential' under any Confidentiality Order," but that the court has yet to issue a Confidentiality Order in this case. *Id.*

documents reflected in controlling case law. *See*, *e.g.*, *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984) ("*Knight Publishing*").

*Knight Publishing* held that a district court may seal documents "if the public's right of access is outweighed by competing interests." 743 F.2d at 235. The court identified several factors to guide this balancing analysis:

> [1] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; [2] whether release would enhance the public's understanding of an important historical event; and [3] whether the public has already had access to the information contained in the records.

*Id.*

The court must also "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

The court finds the *Knight Publishing* and *Ashcraft* factors weigh in favor of granting Defendants' motion to seal. The public notice requirement is satisfied by the docketing of their motion. *See Knight Publishing*, 743 F.2d at 235 (notification satisfied by docketing motion "reasonably in advance of deciding the issue"); *Higdon v. Nestle Purina Petcare Co.*, No. 8:14-3737-HMH, 2014 WL 12613270, at *1 (D.S.C. Oct. 10, 2014) ("Public notice has been satisfied through docketing of [the defendant]'s motion to seal."). And no objections have been filed with or submitted to the court.[2]

---

[2] Defendants' motion was filed on August 8, 2025. [ECF No. 19.] Thus, the public was afforded at least two weeks' notice and a reasonable opportunity to object. As a result, the court finds the requirement of public notice to be satisfied.

3

Upon *in camera* review, the court confirms that the DDSA contains confidential and proprietary business information. Disclosure of this sensitive information to a competitor or the general public could subject the parties to considerable business and financial harm. The court finds there is no substantial public interest in accessing the DDSA nor a legitimate public need for the information therein. In that regard, the general nature and substance of the dispute is clear from the publicly filed documents already on record. Finally, the DDSA cannot be sufficiently redacted without effectively redacting the entire document, which would impair the court and parties' efficiency in litigating this matter.

### **CONCLUSION**

For these reasons and considering Defendants' compliance with Local Civil Rule 5.03(A)–(C), the court **GRANTS** their motion to file under seal, ECF No. 19.

**IT IS SO ORDERED.**

August 25, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge